# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BRANDON KLEIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.:2:17-CV-16-JEM |
| ) | |
| OFFICER ANTHONY BUONADONNA, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File Amended Complaint [DE 36], filed by Plaintiff on September 5, 2018. Plaintiff seeks leave of Court to file an Amended Complaint to add Defendant's employer, the Town of Schererville, as a party defendant and to amend his allegations. Defendant filed a response objecting to the request on September 19, 2018, and on September 25, 2018, Plaintiff filed a reply. Also before the Court is an Agreed Motion for a Status Hearing [DE 42], filed by the parties on December 3, 2018.

### I. Background

On January 13, 2017, Plaintiff filed a Complaint bringing a claim for malicious prosecution against Defendant Anthony Buonadonna, individually and in his official capacity as an officer in the Schererville Police Department. On March 31, 2017, the Court held a preliminary pretrial conference at which ite adopted, among other deadlines, the date of June 1, 2017, as the deadline for moving for leave to amend the pleadings. On January 25, 2018, Defendant filed a motion for summary judgment, and on May 31, 2018, counsel for Plaintiff moved to withdraw his appearance, leaving Plaintiff *pro se*, without having filed a response to the pending motion. At a status conference on July 12, 2018, the Court vacated all pretrial deadlines, and on July 26, 2018, Defendant withdrew his motion for summary judgment. Counsel for Plaintiff entered an appearance

on August 20, 2018, and filed the instant Motion on September 5, 2018.

## II. Analysis

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony

indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Defendant objects to Plaintiff's Motion. First, he argues that the motion is untimely, and Plaintiff failed to demonstrate good cause for missing the June 1, 2017 deadline for amending pleadings. Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Moreover, the scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16 is stricter than that of Rule 6, because the movant must show diligence, not just excusable neglect, to justify the extension. *See McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (comparing the two standards); *Simstad v. Scheub,* No. 2:07-CV-407, 2014 WL 5094142, at *1 (N.D. Ind. Oct. 10, 2014) ("[G]ood cause is shown when despite a party's diligence, the deadlines could not reasonably have been met."). In determining whether good cause under Rule 16 has been shown, the Court's primary inquiry is the diligence of the requesting party. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Plaintiff argues that the scheduling order in this case was vacated on July 12, 2018, at a status hearing on attorney representation, in order to allow Plaintiff, whose prior counsel had withdrawn, time to engage a new attorney on his behalf. Plaintiff's current counsel represents that she understood all deadlines to be vacated, even those already expired, and that she filed the instant

3

Motion to Amend soon after entering her appearance in the case. The Court agrees that there is good cause for any delay, and that the failure of Plaintiff to file the instant Motion before his current counsel entered the case is excusable.

Defendant also argues that the Motion was unduly delayed, since these are not newly discovered claims or a newly identified defendant, and that it would be unduly prejudiced by the allowance of the amendment. Defendant filed an early motion for summary judgment, although prior counsel for Plaintiff withdrew his appearance without responding to it, and Defendant withdrew the motion while Plaintiff was proceeding *pro se*. Defendant now argues that it would be prejudicial for him to address new claims and new defendants at this stage, particularly because he has already drafted a motion addressing all of the prior claims. Although these are not newly-discovered claims or parties, given the amount of time that Plaintiff was attempting to secure counsel and his current attorney's diligence in seeking amendment upon entering the case, the Court will not conclude that there has been undue delay, bad faith, or dilatory motive. Furthermore, although Defendant will have to defend against the new claims and participate in discovery, the delay has not caused undue prejudice, and he can presumably reuse the arguments from the previously filed motion for summary judgment if they remain pertinent to the case. Defendant's employer will also not suffer undue prejudice by being added to the case, since it has had notice of Plaintiff's claims and knew that the action could be brought against it.

Defendant also argues that the proposed amendment would be futile. To recover on a claim for intentional infliction of emotional distress, Plaintiff must prove that Officer Buonadonna "(1) engage[d] in extreme and outrageous conduct (2) which intentionally or recklessly (3) cause[d] (4) severe emotional distress to another." *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1264 (Ind. Ct. App.

4

2009) (quotation omitted). Similarly, a claim of false arrest requires Plaintiff to "show that they were arrested without probable cause." *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). In this case, Plaintiff alleges that the misconduct of Defendant was extreme and dangerous, undertaken with the intent to cause distress, and that it did cause severe emotional distress. In particular, he alleges that the probable cause affidavit prepared by Defendant contained false information and that Defendant intentionally included the false information so that Plaintiff would be arrested and detained. He alleges that he was arrested and detained without lawful justification, and that the actions were undertaken with willful indifference to his rights, and the acts were taken in the scope of their employment. Defendant alludes to arguments made in an earlier motion for summary judgment, but does not include them in the current briefing. Although a motion for summary judgment may be successful, whatever arguments were included in that motion are not properly before the Court at this time, and Defendant has not established that the proposed amendments are insufficient on their face. At this stage in the proceedings the Court cannot conclude that the proposed amendments will necessarily be futile.

Plaintiff's delay in filing the instant Motion was excusable, without undue delay or bad faith, and it does not appear that the current or the proposed defendants will suffer undue prejudice by virtue of allowing the Amended Complaint. The rights to relief asserted against the new defendant arise out of the same transaction or occurrence as that in the original Complaint, and Defendant has not demonstrated that the proposed amendment will be futile. Accordingly, it is appropriate to allow Plaintiff to test his claim on the merits.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Leave to File

5

Amended Complaint [DE 36], and **ORDERS** Plaintiff to file the Amended Complaint, currently on the docket as an attachment to the instant Motion, by **December 21, 2018**, and to properly serve it on the newly-added party.

The Court **GRANTS, for relief different than requested**, the Agreed Motion for Status Hearing [DE 42], and will set this matter for a new scheduling hearing to address discovery and other deadlines after responsive pleadings have been filed.

SO ORDERED this 12th day of December, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record