# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BRANDON E. KLEIN, )<br>    Plaintiff, )<br>)<br>)    CAUSE NO.: 2:17-CV-16-JEM<br>)<br>TOWN OF SCHERERVILLE and )<br>OFFICER ANTHONY BUONADONNA, )<br>    Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File Second Amended Complaint [DE 74], filed by Plaintiff on January 10, 2020. Defendants filed a response on January 21, 2020, and on January 27, 2020, Plaintiff filed a reply.

## I.   Background

On January 13, 2017, Plaintiff filed a Complaint, amended on December 21, 2018, including claims of false arrest, malicious prosecution, and intentional infliction of emotional distress arising out of an arrest by Defendant Officer Anthony Buonadonna, an employee of Defendant Town of Schererville. Defendants filed a Motion for summary judgment on March 18, 2019. Plaintiff's counsel withdrew, with current counsel entering an appearance on August 27, 2018. Plaintiff filed a response to the pending motion for summary judgment on October 22, 2019, and Defendants filed a reply on November 5, 2019. Discovery was stayed pending ruling on the motion for summary judgment.

In the instant Motion, Plaintiff seeks leave to file a Second Amended Complaint that adds claims for false imprisonment, defamation, and civil conspiracy arising out of the same arrest as the Amended Complaint. It also clarifies which claims are brought against which Defendant and

1

whether they arise under federal or state law.

**II.  Analysis**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

The deadline for the parties to seek leave to amend the pleadings expired December 21, 2018. Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . before the original time or its extension expires[] or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Moreover, the scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16 is stricter than that of Rule 6, because the movant must show diligence, not just excusable neglect, to justify the extension. *See McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (comparing the two standards); *Simstad*

2

*v. Scheub,* No. 2:07-CV-407, 2014 WL 5094142, at *1 (N.D. Ind. Oct. 10, 2014) ("[G]ood cause is shown when despite a party's diligence, the deadlines could not reasonably have been met."). In determining whether good cause under Rule 16 has been shown, the Court's primary inquiry is the diligence of the requesting party. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

In this case, counsel for Plaintiff argues that he only appeared in the case at the end of August and quickly responded to the pending motion for summary judgment. Little to no discovery has occurred in this case, and counsel represents that his diligence in obtaining information to draft the response brief also led him to realize that the Complaint should be amended to more accurately reflect the claims and conduct at issue. Defendants argue that the motion was unduly delayed, that they will suffer prejudice because their motion for summary judgment has already been briefed, and that the proposed amendment is futile because it will likewise not survive summary judgment.

The Court notes that Plaintiff has had several attorneys already in this case, but that the instant Motion was filed not long after his new attorney entered the case and drafted the response to the Motion for summary judgment. Discovery is currently stayed, and the parties represent that little to no discovery was propounded before the Motion for summary judgment was filed. Although frequent changes of counsel are not a reason to disregard deadlines, in the circumstances of this case, the Court finds that the delay itself does not cause undue prejudice to Defendants, and that counsel for Plaintiff acted with diligence in requesting the amendment, particularly since it addresses information made available to Plaintiff through briefing on the motion for summary judgment.

Defendants argue that the proposed amendment is futile because they are entitled to qualified immunity on the claims described therein, and that they will be prejudiced because there is a pending motion for summary judgment in this case. Defendants argue that they are entitled to qualified

immunity on the claims brought by Plaintiff, including several of the proposed claims, because there was probable cause for the arrest of Plaintiff that underlies the claims in this case. However, Plaintiff argues, and lays out in clearer terms in the proposed Second Amended Complaint, that the probable cause affidavit was not founded upon reasonable belief and therefore does not entitle the arresting officer to immunity. Probable cause for arresting Plaintiff was based on violation of an order of protection between Plaintiff and his estranged wife. The judicial order of protection did not include a prohibition on communication between Plaintiff and his estranged wife, and the officer had a copy of the order, but the probable cause affidavit asserts that Plaintiff violated the order of protection by communicating with his estranged wife. Since the question of whether there was probable cause in this case hinges on a dispute of fact – whether the officer knew or should have known that the order of protection did not prohibit communication between spouses – the Court cannot conclude that Defendants are entitled to qualified immunity at this stage in the proceedings. *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003) ("[A] warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue."). Likewise, Defendants are not entitled to immunity for the proposed state law defamation claim if the false statements in the probable cause affidavit were not made in good faith. *Van Eaton v. Fink*, 697 N.E.2d 490, 494 (Ind. Ct. App. 1998). Discovery is needed. Defendants cannot show that they are entitled to qualified immunity on the information before the Court, since there remain questions of fact as to whether the requesting officer knowingly, intentionally, or with reckless disregard for truth made false statements in requesting the warrant.

Summary judgment is not appropriate at this stage in the proceedings, and discovery must

4

be taken, so the proposed amended complaint is not futile and Defendants will not be prejudiced by its allowance. Instead, allowing the amendment will permit the parties to test the claim on the merits.

### III.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Leave to File Second Amended Complaint [DE 74], and **ORDERS** Plaintiff to file the Second Amended Complaint, currently attached as an exhibit to the instant Motion, by **February 28, 2020**. The Court **DENIES as moot** Defendants' Motion for Summary Judgment [DE 52].

This matter will be set for a status conference to set new discovery deadlines by separate order.

SO ORDERED this 21st day of February, 2020.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record